## Thomas Allen *v.* Annie E. Allen, Appellant.

*Divorce—Desertion—Evidence.*

On a libel for divorce by a husband against a wife for desertion, a divorce will be granted where the respondent admits in her testimony that she left her husband, intending to "remain away from home forever;" that she went away to remote regions, and staid between two and three years.

Argued Jan. 4, 1900. Appeal, No. 176, Jan. T., 1899, by defendant, from decree of C. P. No. 4, Phila. Co., June T., 1895, No. 230, on libel for divorce. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Libel for divorce. Before AUDENRIED, J.

At the trial respondent testified that her husband would not give her money for necessaries; that after a quarrel she had left him with the intention "to remain away from home forever;" that she went to Chicago and San Francisco and remained away from Philadelphia two years and a half.

The court entered a decree of absolute divorce.

*Error assigned* was the decree of the court.

*Henry K. Fries,* for appellant, cited Middleton v. Middleton, 187 Pa. 612, and Angier v. Angier, 63 Pa. 450.

*John C. Grady,* for appellee, offered no oral argument, but submitted a paper-book.

PER CURIAM, January 29, 1900:

The respondent admitted in her testimony that when she left her husband she intended to leave him forever. She went away to remote regions, Chicago and San Francisco, and was gone between two and three years, long enough to bring herself within the operation of the divorce law. We think the testimony shows that her desertion of her husband was wilful and malicious, and he was therefore entitled to a decree.

Decree affirmed.